UNITED STATES DISRTICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROY SASTROM, | ) Case No. |
| Plaintiff, | ) 3:07CV-498 (RNC) |
| vs. | ) COMPLAINT |
| Monte P. Radler, | ) |
| Defendant, | ) |

Preliminary Statement

This is a civil rights complaint filed by Roy Sastrom, who is committed to the Connecticut Department of Mental Health & Addiction Services under the jurisdiction of the Connecticut Psychiatric Security Review Board. The plaintiff, Roy Sastrom is seeking damages, declaratory and injunctive relief under 42 U.S.C., Section 1983, alleging a violation of his Fourteenth Amendment right to procedural due process.

Jurisdiction

1. The court has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C., Sections 1331(a) and 1343.

Parties

2. The plaintiff, Roy Sastrom is confined at the Whiting Forensic Division of Connecticut Valley Hospital in Middletown, Connecticut, for care, custody and treatment of a psychiatric disability during all times relevant to this complaint.

3. The defendant, Monte P. Radler, is a public defender employed by the State of Connecticut, Public Defender Services, Psychiatric Defense Unit located on the property of the Connecticut Valley Hospital in Middletown, Connecticut. He is sued in his individual capacity for damages, declaratory and injunctive relief.

Facts

4. In May of 1998, the defendant was assigned to represent the plaintiff in matters concerning his commitment to the Psychiatric Security Review Board, herein after PSRB.

5. The defendant filed an appearance with the PSRB dated, May 1st, 2001, on behalf of the plaintiff.

6. In March of 2005, the plaintiff filed a formal complaint with the Connecticut Statewide Grievance Committee alleging that the defendant had violated Connecticut Rules of Professional Conduct.

7. In May of 2005, the defendant filed a motion with the Tolland County Superior Court in Rockville, Connecticut, requesting that the court allow him to withdraw from representation of the plaintiff, stating that there was a valid conflict of interest. The defendant requested that court appoint a special public defender to represent the plaintiff.

8. The Tolland Superior Court granted the defendants motion to withdraw and appointed a special public defender, Robert E. Byron.

9. In July of 2005, Robert E. Byron, being appointed to represent the plaintiff, filed an appearance with the PSRB in lieu of the defendant dated, July 22rd, 2005.

10. In November of 2006, the PSRB scheduled a hearing for November 17th, 2006, in the matter of the plaintiff regarding a transfer to maximum security confinement and mandatory review of status.

11. The plaintiffs' Attorney, Robert E. Byron filed an abjection to the hearing on the following basis;
a. The plaintiff had not received reasonable notice, as required by Connecticut General Statutes, Section 4-177(a).
b. The question of transfer to maximum security wasn't ripe.

12. The plaintiffs Attorney, Robert E. Byron, filed a continuance of the hearing by the PSRB, scheduled for November 17th, 2006, in order to facilitate an independent psychiatric examination of the plaintiff.

13. The plaintiffs' Attorney, Robert E. Byron was contacted by the defendant on or about November 16th, 2006. Robert E. Byron was informed that he no longer represented the plaintiff in matters concerning the PSRB.

14. The plaintiffs' Attorney, Robert E. Byron withdrew his objection and motion for continuance.

15. On or about November 17th, 2006, the defendant without authorization from the plaintiff filed an appearance with the PSRB in lieu of the plaintiffs' Attorney, Robert E. Byron.

16. On November 17th, 2006, the plaintiff was transported to the hearing of the PSRB expecting that his Attorney, Robert E. Byron would be there to represent him.

17. The plaintiff had no knowledge that the hearing was scheduled by the PSRB until approximately 6:30 a.m., on the morning of November 17th, 2006, when he was informed that he would be transported there.

18. The plaintiff was met at the hearing by the defendant. The defendant didn't explain his appearance on behalf of the plaintiff in light of his withdrawal in May of 2005.

19. The plaintiff had no knowledge that his Attorney, Robert E. Byron had filed an objection to the hearing and a continuance of the hearing to perform an independent psychiatric evaluation.

20. The plaintiff had no knowledge that the objection and continuance were withdrawn by his Attorney, Robert E. Byron.

21. The plaintiff had no knowledge that Attorney Robert E. Byron was notified by the defendant informing him that he no longer represented the plaintiff in matters concerning the PSRB.

22. The plaintiff had no knowledge that the defendant filed an appearance in lieu of his Attorney, Robert E. Byron.

23. During the hearing held on November 17th, 2006, by the PSRB, the defendant failed to raise the objections noted by his Attorney,

Robert E. Byron or request a continuance in order to have the plaintiff evaluated by an independent psychiatrist.

24. As a result of the hearing held by the PSRB on November 17th, 2006, the plaintiff was remanded to maximum security confinement and has remained there since December 20th, 2006.

Claims for Relief

25. The defendant, Radler had legally withdrawn from representing the plaintiff in all legal matters with regards to the PSRB in May of 2005. The plaintiff was appointed a special public defender to represent him in all matters concerning the PSRB; the special public defender Robert E. Byron filed his appearance with the PSRB in lieu of the defendant Radler in July of 2005.

26. The defendant knew that he did not represent the plaintiff in any legal matters, yet he compelled the plaintiffs' Attorney, Robert E. Byron to withdraw his objection and motion for continuance filed on behalf of the plaintiff, he then without authorization from the plaintiff, filed an appearance in lieu of the plaintiffs attorney in order to deprive the plaintiff of his rights to procedural due process.

27. The defendants' actions deprived the plaintiff of procedural due process, because he knew of the objections and motion for continuance that were filed by the plaintiffs' Attorney, Robert E. Byron, the defendant knew that the plaintiff did not receive reasonable notice of the hearing, that the issue of maximum security

confinement wasn't ripe, that the plaintiff was entitled to an independent psychiatric evaluation, yet he failed to raise such objections to the hearing of November 17th, 2006, he also failed to motion the PSRB for a continuance in order to facilitate such an evaluation.

28. The defendants' actions were willful, wanting and reckless, he replaced himself with the plaintiffs' authorized legal counsel knowing that he had a conflict of interest with the plaintiff, he failed to inform the plaintiff that he was replacing his authorized legal counsel, he failed to inform the plaintiff of the objections to the hearing and motion for continuance that were filed on his behalf by his authorized legal counsel. The defendant kept this information secret from the plaintiff in an effort to sabotage the plaintiffs' procedural due process rights, reasonable notice of a hearing, his right to be heard, present evidence on his behalf, such as testimony of an independent psychiatrist, all the rights guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff requests this court grant the following;

    A. Issue a declaratory judgment stating that:

    1. The defendant, Monte P. Radler intentionally interfered with the legal matters of the plaintiff and intentionally violated the plaintiffs' constitutional rights to procedural due process.

    B. Issue an injunction ordering the defendant Monte P. Radler to:

        1. Refrain from contacting or communicating any way with the plaintiffs' authorized legal counsel in regards to any of the plaintiffs' legal matters.

        2. Withdraw all appearances with the Psychiatric Security Review Board that were filed on behalf of the plaintiff.

C. Award compensatory damages in the following amount:

        1. $50,000 dollars for the emotional distress caused to plaintiff by being confined in maximum security for a prolong period of time.

D. Award punitive damages in the following amount:

        1. $50,000 dollars.

Signed this 25th, day of March, 2007.

*[signature]*
Roy Sastrom
Whiting Forensic Division
Connecticut Valley Hospital
P.O. Box 70, O'Brien Dr.
Middletown, Connecticut 06457